UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR01-241-TSZ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMARY REPORT OF U.S. |
| ) | MAGISTRATE JUDGE AS TO |
| TIMOTHY BRIAN FREEGARD, ) | ALLEGED VIOLATIONS |
| ) | OF SUPERVISED RELEASE |
| Defendant. ) | |
| ) | |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on July 20, 2011. The United States was represented by AUSA Seth Wilkinson and the defendant by Catherine Chaney. The proceedings were digitally recorded.

Defendant had been sentenced on or about November 16, 2001 by the Honorable Thomas S. Zilly on charges of Bank Robbery, and sentenced to 120 months in custody, 3 years supervised release. (Dkt. 27.)

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to mandatory drug testing, participate in a substance abuse program, abstain from alcohol, submit to search,

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

participate in mental health treatment, pay restitution in the amount of $78,479.49, provide his probation officer with access to financial information, be prohibited form incurring new credit charges or opening new lines of credit without approval, obtain prior approval for all employment, not work for cash and provide regular pay stubs to his probation officer, and cooperate in paying all tax obligations to the I.R.S. On April 2, 2010, the conditions of supervised release were modified to require defendant to participate in a residential reentry center for up to 120 days. (Dkt. 58.)

On September 1, 2010, defendant admitted violating the conditions of supervised release by using crack cocaine in July and August 2010. (Dkt. 67.) Defendant was sentenced to 45 days in custody with placement immediately thereafter in a residential reentry center, and supervised release for 2 years. (Dkt. 73.)

In an application dated June 29, 2011 (Dkt. 74, 75), U.S. Probation Officer Carol A. Chavez alleged the following violations of the conditions of supervised release:

1. Using cocaine on or before June 21, 2011, in violation of the mandatory condition.

2. Failing to report for drug testing, as directed, on June 20 and 28, 2011 in violation of special condition No. 3.

3. Submitting a dilute sample for urinalysis testing on June 8, 2011, in violation of special condition No. 3.

Defendant was advised in full as to those charges and as to his constitutional rights, denied the allegations, and requested an evidentiary hearing before a Magistrate Judge (Dkt. 76). The hearing was held on July 20, 2011, at which time testimony was taken, exhibits were admitted into evidence, and the argument of the parties was considered (Dkt. 80). The matter is

now ready for decision.

## **Findings of Fact and Recommendations**

I find that the government has established by a preponderance of the evidence that defendant has violated the conditions of supervised release as alleged in violations 1, 2 and 3. The facts and circumstances surrounding the violations may be pertinent to disposition of the matter, and are set forth herein as found by this Court.

*Background*

Defendant's term of supervised release commenced April 2010. Defendant has a cocaine habit, and in July of that year, he relapsed, admitting to his probation officer that he used crack cocaine on several occasions in July and August, 2010. A petition was filed by Jeff S. Robson, defendant's probation officer, alleging violations of supervised release. (Dkt. 61.) Defendant admitted the violations and was sentenced to 45 days in custody, followed by placement in a Residential Reentry Center. (Dkt. 73.) Defendant testified at the hearing on the instant matter that he has not used cocaine since August 17, 2010.

On October 1, 2010, defendant recommenced supervised release and obtained employment in four different positions--at the VA warehouse on Beacon Hill in Seattle as part of the Compensated Work Therapy program, as a cashier for AMCO parking on Saturdays, as a chauffeur for AMCO parking at the Gates Foundation, and as a parking valet at the Sunset Club in Seattle. On March 1, 2011, Carol Chavez became his probation officer.

On June 7, 2011, defendant called the drug line as usual and was instructed to appear for routine drug testing the next day, June 8, 2011. On that date, defendant testified that he worked a 17 hour shift in the VA warehouse, which is very physical work. He testified that he drank a

lot of water and coffee during the shift. Once he arrived at the probation office between 2:30 and 3:00 pm, he provided a urine sample as instructed. Ben Beetham, the drug analyst in the probation office responsible for observing and obtaining urine samples, testified that the sample was "dilute", which means that a Digital Pen Refractometer indicated the particles of urine in the sample were below the minimum level required for testing. Mr. Beetham testified that drinking too much water can cause this to occur.

The defendant was instructed to wait and then submit another sample, which he did. However, this sample was also dilute. Defendant testified that he needed to get to 130th and Aurora Avenue from the probation office in Tukwila in order to start his other job, and was told by one of the employees in the probation office that it would be OK to leave and come back the next morning. He did so, and produced a sample that was negative. (Ex. 1.) Defendant testified that he had never previously submitted a dilute sample, and had no way to know how much fluid intake would affect the sample. He said he was not trying to dilute the sample, but was drinking fluids at work in order to perform his job.

Defendant provided another negative urine sample on June 14. On June 20 he was scheduled for a drug test but did not appear. Defendant testified that he was delayed at the Department of Motor Vehicles, waiting to renew his drivers license, and called the probation office to inform them of this. He reported the next morning at 9:00, and gave the office corroboration that he had been at the DMV the afternoon before. The government agrees with these facts. Defendant testified that he did not realize that it would be a violation if he came in the next morning.

The June 21 sample tested positive for cocaine. (Ex. 7, 8.) Defendant denies the use of

01 cocaine. Although defense counsel requested copies of the lab notes to indicate the level of
02 cocaine found, they were not made available. Defendant contends that the probation forms are
03 not reliable, and the government admits that Plaintiff's Exhibits 1, 6, 7, and 8 all contain the
04 wrong collection date, indicating incorrectly that the sample was taken on June 20 instead of June
05 21. Defendant further questions the probation office's practice of having the client sign the
06 "Chain of Custody" form (Ex. 6) <u>before</u> the sample is provided, increasing the risk that samples
07 could get mixed up or contaminated.

08 Defendant was instructed to report for drug testing on June 28. Defendant testified that
09 he was under the impression that he could come in the following day at 9:00 AM if he was unable
10 to make it for the scheduled time, and reported instead on June 29, producing a negative urine
11 sample.

12 Defendant's landlady, Marlene McCartney, testified that defendant rents a room in her
13 residence, that he is a good tenant and he has never exhibited signs of cocaine use or any other
14 drug problems.

15 *Using Cocaine on or before June 21, 2011*

16 The urine sample, tested initially at the probation office and at the national toxicology
17 lab, is "confirmed positive for cocaine metabolite". (Ex. 7, 8.) It is concerning that the records
18 of the probation office contain so many errors, described above, including an error in the chain
19 of custody form. The June 21 urine sample was taken by probation officer Jeff Robson, who
20 did not testify. Therefore, the record is silent as to the procedure followed to insure that the
21 correct urine sample was properly attributed to defendant, or was not contaminated. Defendant
22 denies the use of cocaine but admits that he has had a cocaine habit in the past, and was using

cocaine as recently as August 2010. On the other hand, defendant testified, without contradiction, that he is holding down four jobs and has never missed a day of work. His landlady testified to the lack of indication of drug use. No other indicia of drug relapse is presented in the record before the Court. Based on the results of the controlled substance test, I recommend, with some reservations, that the Court find that defendant committed alleged violation number one.

*Failing to report for drug testing as directed on June 20 and 28, 22011.*

Defendant admits that he was instructed by the drug line to report for drug testing on June 20 and 28, but did not report until the following day at 9:00. He explains that on one occasion he was delayed at the Department of Motor Vehicles getting his license, that he called the probation office to inform them of this, and that he provided proof the next day of his whereabouts. He testified that he was under the impression that this was permissible. Nevertheless, defendant does not deny that he did not report for testing as instructed. I recommend that the Court find that defendant committed alleged violation number two.

*Submitting a dilute sample for urinalysis testing*

Defendant does not deny that the urine sample produced for testing on June 8 was diluted. He acknowledges that he drank some quantity of fluids during the day at work, but disputes the contention that he did so in order to intentionally dilute his urine sample to avoid detection of drug use. I recommend that the Court find that defendant committed alleged violation number three.

*Conclusion*

In summary, although with some reservations, I recommend that the Court find that

defendant committed the violations of supervised release as alleged. Defendant denies the current use of cocaine, and avers a lack of intention to intentionally violate his supervised release or to act contrary to the instructions of his probation officer. On the other hand, the confluence of the circumstances of the allegations raise concerns, given that defendant produced a diluted urine sample on June 8, failed to appear for testing in a timely manner on June 20, tested positive the next day, and failed again to appear for testing on June 28. Pending a final determination by the Court, defendant has been released on the conditions of supervision, with leave to increase the frequency of drug testing pending the disposition hearing on the allegations.

DATED this 22nd day of July, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

cc:  District Judge:        Honorable Thomas S. Zilly
     AUSA:                  Seth Wilkinson
     Defendant's attorney:  Catherine Cheney
     Probation officer:     Carol A. Chavez